McKenna v. South Park Commissioners, 198 Ill. App. 369.

---

### Walter E. McKenna, Plaintiff in Error, v. South Park Commissioners, Defendant in Error.

### Gen. No. 21,692.    (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed March 27, 1916.

### Statement of the Case.

Mandamus by Walter E. McKenna, relator, against South Park Commissioners, respondents, to have respondents ordered to forthwith place his name upon the roster of patrolmen so that he might perform the duties of and keep that office. From a judgment dismissing his petition, relator brings writ of error.

Walter E. McKenna was a patrolman in the employ of the Board of South Park Commissioners. McKenna was what is known as a "Civil Service Employee." He received his appointment May 17, 1911. On August 17, 1914, the Civil Service Board of the South Park Commissioners preferred charges against McKenna and appointed H. C. Carbaugh and H. J. Furber, Jr., as a trial board to try McKenna. McKenna was charged with conspiring with officer Sullivan on August 8, 1914, to demand from Walter H. Wulser, who had been arrested, $30. Wulser paid that sum, and McKenna released him. On this charge McKenna was tried, found guilty and discharged from his office.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

It appeared from McKenna's petition that a partial hearing of his case was had in September, 1914, before Carbaugh and Furber, the trial board, and that owing to the sickness of McKenna the further hearing was postponed until February 15, 1915, at which time McKenna personally appeared and was heard in his own defense. Furber did not sit upon the trial board, and the hearing of McKenna in his own defense was had before Carbaugh, who alone sat as the trial board. The right to mandamus was predicated upon the contention that Furber was absent at the hearing on February 15, 1915, and that the report on McKenna's case, which was adopted by the civil service board, was made by Carbaugh only, and it was contended that Carbaugh had no jurisdiction to hear alone the charges and report his findings thereon. To McKenna's petition a general demurrer was interposed and sustained and the petition dismissed, and McKenna prosecutes this writ of error, seeking a reversal.

A. D. GASH, for plaintiff in error.

ROBERT REDFIELD, for defendant in error; TOLMAN, REDFIELD & SEXTON and HENRY P. CHANDLER, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. CIVIL SERVICE, § 25*—*when presumed that single member of park civil service board authorized to act as trial board.* In mandamus proceedings by a patrolman to secure reinstatement on the roster of patrolmen of a board of park commissioners where the Park Civil Service Act, (Hurd's Rev. St., ch. 24a, sec. 12, J. & A. ¶ 8260), provides that "charges shall be investigated by * * * the civil service board or by * * * some officer or officers ap-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

pointed by the board," and where the trial board which heard relator's case consisted of two men, only one of whom held the hearing and reported findings thereon, and it is not denied that the proceedings were otherwise regular, and where the park civil service board approved of such single member as its trial board and not only approved his report but acted upon its recommendation, it will be assumed that such single member was authorized to act as the trial board under authority of the park civil service board, there being no averment that he was not so acting or authorized to act.

2. CIVIL SERVICE, § 25*—*when presumed that park civil service board authorized one of its members to act as trial board.* Where a park civil service board had the power to change the personnel of its trial board at any time, in the absence of any averment to the contrary, in mandamus by a discharged park patrolman for reinstatement, it will be assumed that it authorized a single member of such trial board to proceed as sole trial officer.

3. CIVIL SERVICE—*when any illegality in appointment of persons on trial board corrected by action of board.* If there is room for any doubt as to the legality of the appointment of the persons constituting a park trial board, the ratification of the action of the board by the park civil service commission in approving and adopting its report and findings is a sufficient corrective.

4. CIVIL SERVICE, § 25*—*when patrolman petitioning for reinstatement may not raise jurisdictional question of trial board on appeal.* A discharged park patrolman, petitioning for mandamus to reinstate himself as such patrolman, who appeared at the trial before a trial board in person and was heard in his own defense, and made no protest or objection to the jurisdiction of the trial board either before that board or to the park civil service commission, cannot raise the jurisdictional question for the first time on appeal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.